

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   C.M.,                                No. 1:26-cv-00220-DJC-EFB

12            Petitioner,

13   v.                                   ORDER

14   MINGA WOFFORD,

15            Respondent.

16

17        Petitioner has filed a Motion for a Temporary Restraining Order based on

18   Petitioner's alleged wrongful re-detention.[1]  (ECF No. 2.)  Petitioner raises claims that

19   are functionally identical to those this Court has already addressed in prior orders.

20   Petitioner entered the country in 2022.  (Pet. (ECF No. 1) ¶ 25.)  Petitioner was soon

21

22   _____

     [1] Petitioner also requests to proceed under a pseudonym. (ECF No. 3.) "The normal presumption is that
23   parties must use their real names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d
     1036, 1042 (9th Cir. 2010); see also Fed. R. Civ. P. 10(a); Fed. R. Civ. P. 17(a)(1).  However, it is common
24   for courts to permit parties to proceed under a pseudonym "when anonymity is necessary to preserve
     privacy in a matter of sensitive and highly personal nature[.]"  *Does I thru XXIII v. Advanced Textile
25   Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (cleaned up and citations omitted).  The Court grants
     Petitioner's request. Petitioner has adequately alleged the sensitive and highly personal nature of the
26   facts at issue in his petition. (See ECF No. 3.) Petitioner also agrees to disclose his identity to
     Respondents, thus the prejudice to Respondents appears to be minimal.  (Id. at 1.) Petitioner's request
27   is also unopposed by Respondents.  Finally, the public's interest in open judicial proceedings is not
     meaningfully impaired as Petitioner does not seek to seal records or take other action beyond using a
28   pseudonym for her name.  Accordingly, the Court finds good cause to grant Petitioner's request.

1    thereafter contacted and released by DHS officials.  (*Id.*)  Petitioner was re-detained by

2    Immigration and Customs Enforcement ("ICE") in December 2025 during a check-in.

3    Petitioner's present re-detention was enacted without notice or an opportunity to be

4    heard.  Respondents contend that this detention was justified based on a change in

5    circumstances, specifically twelve violations of Petitioner's conditions of release.

6    (Opp'n (ECF No. 9) at 2.)

7        The Court's prior orders are dispositive on the issues raised in the Motion.

8    Specifically, as stated in the Court's recent order in *M.B. v. Noem*, No. 1:26-cv-00005-

9    DJC-AC, 2026 WL 74155 (E.D. Cal. Jan. 9, 2026), due process entitles a petitioner

10   released on Section 1182 parole to notice and an opportunity to be heard in the

11   revocation of their parole.  *Id.* at *2.  While the alleged violations of identified by

12   Respondents may qualify as changed circumstances, they do not permit Respondents

13   to revoke Petitioner's parole without first providing Petitioner with notice and a

14   hearing.  *See Noori v. LaRose*, No. 3:25-cv-01824-GPC-MSB, 2025 WL 2800149, at *11

15   (S.D. Cal. Oct. 1, 2025) (holding "Petitioner was entitled to due process in his parole

16   revocation [including] notification of revocation and the reasoning for revocation, if

17   not also an opportunity to be heard and contest the determination"); *Araujo v. LaRose*,

18   No. 3:25-cv-02942-BTM-MMP, 2025 WL 3278016, at *2 (S.D. Cal. Nov. 24, 2025)

19   (explaining "[d]ue process for parole terminations requires (1) a decision by an

20   appropriate official on whether the purpose of parole has been served; (2) written

21   notice of the reasons for the termination; and (3) an opportunity to rebut the reasons

22   given for the termination").

23       For this reason, Petitioner has established that she has a likelihood of success

24   on the merits.  Petitioner has a clear liberty interest in his continued release.  *See*

25   *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *see also M.B.*, 2026 WL 74155, at *3.

26   Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976),

27   and for the reasons identified in the Court's prior orders, *see M.B.*, 2026 WL 74155, at

28   *4, the Court finds that Petitioner has a substantial private interest in maintaining his

1  out-of-custody status and the risk of erroneous deprivation here is considerable.

2  Certainly, Respondents' interest in detention is heightened in the face of alleged

3  violations of the terms of release.  However, given the effort and costs required to

4  provide Petitioner with procedural safeguards are minimal, these interests do not

5  outweigh Petitioner's interest and the risk of erroneous deprivation.

6      Petitioner has also established irreparable harm based on the deprivation of

7  constitutional rights via immigration detention.  *See Melendres v. Arpaio*, 695 F.3d

8  990, 1002 (9th Cir. 2012); *see also Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir.

9  2017).  The balance of the equities and public interest are merged as the Government

10  is the non-moving party, and these factors clearly weigh in Petitioner's favor.  *See*

11  *Melendres*, 695 F.3d at 1002; *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th Cir. 2023) ("The

12  government also cannot reasonably assert that it is harmed in any legally cognizable

13  sense by being enjoined from constitutional violations." (internal citations and

14  quotation marks omitted)); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1037 (N.D. Cal.

15  2025) ("[T]he public has a strong interest in upholding procedural protections against

16  unlawful detention, and the Ninth Circuit has recognized that the costs to the public of

17  immigration detention are staggering.").

18      Accordingly, as all of the *Winter* factors weigh in Petitioner's favor, IT IS HEREBY

19  ORDERED that:

20      1.  Petitioner's Motion to Proceed under a Pseudonym (ECF No. 3) is

21          GRANTED;

22      2.  Petitioner's Motion for Temporary Restraining Order (ECF No. 2) is

23          converted to a Motion for Preliminary Injunction and GRANTED IN PART;

24      3.  Within five (5) days of this Order, Petitioner shall be afforded a

25          constitutionally adequate bond hearing before an Immigration Judge.

26          The Government shall bear the burden of establishing, by clear and

27          convincing evidence, that Petitioner poses a danger to the community or

28          risk of flight, and Petitioner shall be allowed to have counsel present.

Respondents shall file a status report within seven (7) days of the date of this Order, confirming whether a bond hearing was held and, if so, the outcome of that hearing;

4. Petitioner's remaining requests are DENIED without prejudice to renewed argument on the motion for preliminary injunction;

5. This Order shall remain in effect until the resolution of this action or until otherwise ordered by the Court; and

6. This matter is referred to the assigned Magistrate Judge for all further pretrial proceedings.

IT IS SO ORDERED.

Dated:   **January 21, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE