UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

A.C.M.

              Petitioner,

     v.

MINGA WOFFORD, et al.,

              Respondents.

No.  1:26-cv-00220-DJC-EFB (HC)

FINDINGS AND RECOMMENDATIONS

Petitioner, who is proceeding under a pseudonym (ECF No. 12), entered the United States in 2022.  ECF No. 1 at ¶ 25.  Petitioner was subsequently contacted and released by Department of Homeland Security (DHS) officials.  *Id.*   DHS granted petitioner employment authorization and a social security card.  *Id.* at ¶ 26.  Petitioner worked and provided for his family and was never arrested or convicted of any crime.  *Id.*   During a routine check-in with Immigration and Customs Enforcement (ICE) in December 2025, petitioner was re-detained; petitioner was not afforded a bond hearing at that time.  *Id.* at ¶¶ 28-29.[1]

Petitioner subsequently filed a petition for writ of habeas corpus (ECF No. 1) and a motion for temporary restraining order.  ECF No. 2.  The district court converted the motion to a

---

[1] Petitioner's verified petition establishes the facts articulated in this section.  A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit."  *L. v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003) (citing *McElyea v. Babbitt,* 833 F.2d 196, 197–98 (9th Cir. 1987).

motion for preliminary injunctive relief, and granted it in part, ordering a constitutionally adequate bond hearing for petitioner within five days. ECF No. 12. The matter was also referred to the undersigned for all future proceedings. *Id.* Petitioner subsequently received a bond hearing and was granted release on a bond of $7500. ECF No. 13.

This court ordered respondents to file an answer to the petition. ECF No. 14. Respondents filed an answer and petitioner filed a traverse. ECF Nos. 15, 16. For the following reasons, the court recommends that the petition for writ of habeas corpus be GRANTED.

## LEGAL STANDARD

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law. *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018). The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence. *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

## DISCUSSION

### I.    Mootness

Respondents' sole opposition to the petition for writ of habeas corpus is that the petition is moot because petitioner has been released from custody. ECF No. 15. According to respondents, because the bond decision was not appealed, petitioner has received the relief he requested, and this court no longer has jurisdiction. *Id.* (citing *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003)).

Respondents are incorrect. Release of a petitioner pursuant to a preliminary injunction does not adjudicate the section 2241 petition on the merits. *Cruz v. Lyons*, 2025 WL 3443146, at *2 (C.D. Cal. Dec. 1, 2025). And as respondents acknowledge, even if an individual is released from custody while a habeas petition is pending, the petition is not moot if there are "collateral consequence[s] that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Moreover, multiple decisions in the Ninth Circuit have held that a grant of preliminary injunction does not render a habeas petition moot. *See, e.g., N.Y.V.D. v. Ernesto Santracruz et al,* 2026 WL 45268, at *2 (C.D. Cal. Jan. 6, 2026); *Min v. Santacruz,* 2025

2

WL 3764071, at *3 (C.D. Cal. Dec. 23, 2025).

Here, petitioner has demonstrated that he continues to suffer collateral consequences even though he has been released on bond pursuant to the district court's preliminary injunctive relief. Most critically, he remains subject to re-detention without due process. Although they maintain that the petition is moot, respondents have not agreed to not re-detain petitioner without a hearing. As such, the petition is not moot, and this court will address it on the merits.

## II.      Merits of the Petition

Petitioner brings two claims for relief in his petition for writ of habeas corpus. ECF No. 1. In claim one, he maintains that his detention without a hearing violates his procedural due process rights, and that prior to any detention or re-arrest, he is entitled to a hearing before a neutral adjudicator. *Id.* at ¶¶ 63-67. In claim two, petitioner maintains that his detention without a hearing violates his substantive due process rights, and that prior to any detention or re-arrest, he is entitled to a hearing before a neutral adjudicator. *Id.* at ¶¶ 68-73.

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law. *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018). The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence. *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025). Here, petitioner has met that burden on both claims. In the district judge's January 22, 2026 order, the court found petitioner had shown a likelihood of success on the merits of the due process claims. ECF No. 12. Specifically, the court found as follows:

> The Court's prior orders are dispositive on the issues raised in the Motion. Specifically, as stated in the Court's recent order in *M.B. v. Noem*, No. 1:26-cv-00005-DJC-AC, 2026 WL 74155 (E.D. Cal. Jan. 9, 2026), due process entitles a petitioner released on Section 1182 parole to notice and an opportunity to be heard in the revocation of their parole. *Id.* at *2. While the alleged violations of identified by Respondents may qualify as changed circumstances, they do not permit Respondents to revoke Petitioner's parole without first providing Petitioner with notice and a hearing. *See Noori v. LaRose*, No. 3:25-cv-01824-GPC-MSB, 2025 WL 2800149, at *11 (S.D. Cal. Oct. 1, 2025) (holding "Petitioner was entitled to due process in his parole revocation [including] notification of revocation and the reasoning for revocation, if not also an opportunity to be heard and contest the determination"); *Araujo v. LaRose*, No. 3:25-cv-02942-BTM-MMP, 2025 WL 3278016, at *2 (S.D. Cal. Nov. 24, 2025) (explaining "[d]ue

3

process for parole terminations requires (1) a decision by an appropriate official on whether the purpose of parole has been served; (2) written notice of the reasons for the termination; and (3) an opportunity to rebut the reasons given for the termination").

For this reason, Petitioner has established that she has a likelihood of success on the merits. Petitioner has a clear liberty interest in his continued release. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *see also M.B.*, 2026 WL 74155, at *3. Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Court's prior orders, *see M.B.*, 2026 WL 74155, at *4, the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status and the risk of erroneous deprivation here is considerable. Certainly, Respondents' interest in detention is heightened in the face of alleged violations of the terms of release. However, given the effort and costs required to provide Petitioner with procedural safeguards are minimal, these interests do not outweigh Petitioner's interest and the risk of erroneous deprivation.

ECF No. 12 at 2-3.

As discussed *supra*, respondents' answer to the petition did not address the merits of the petition and maintained solely that the petition should be dismissed as moot. Respondents have offered no additional factual nor legal challenges to the court's analysis and conclusions contained in its January 22, 2026 order. *See* ECF No. 15. Accordingly, petitioner has shown by a preponderance of evidence that he is entitled to relief.[2]

## III.   Final Removal Order

It is not disputed that although petitioner is in removal proceedings, petitioner is not yet subject to a final removal order. ECF No. 1. Respondents maintain that, even if the court is inclined to grant the petition, it should also order that respondents are allowed to re-detain petitioner without a bond hearing should a final order of removal be entered. ECF No. 15. *See* 8 U.S.C. § 1231(a); *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (allowing mandatory detention of a certain length without a bond hearing pursuant to a final removal order). As petitioner correctly

---

[2] The undersigned notes that, in addition to the cases cited by the district court in its January 22, 2026 order, multiple other courts have come to the same conclusion regarding the process due to non-citizens released on section 1182 parole. *See Hall v. Nessinger,* No. 25-CV-667-JJM-PAS, 2026 WL 18583, at *7 (D.R.I. Jan. 2, 2026); *Hernandez-Castro v. Lyons*, No. 1:25-CV-01574 JLT SAB, 2025 WL 3771344, at *8, n.10 (E.D. Cal. Dec. 31, 2025); *Tran v. Hyde*, No. 25-CV-12546-ADB, 2025 WL 3724853, at *2 & n.2 (D. Mass. Dec. 24, 2025); *Pham v. Noem et al.*, No. 5:25-CV-03373-MEMF-PD, 2025 WL 3763374, at *4 (C.D. Cal. Dec. 22, 2025); *Nguyen v. Noem, et al.*, No. 8:25-CV-02654-HDV-DSR, 2025 WL 3898489, at *4 & n.3 (C.D. Cal. Dec. 19, 2025); *Asfestani v. Current or Acting Field Off.*, No. 1:25-CV-1562-SCR, 2025 WL 3677321, at *5 (E.D. Cal. Dec. 18, 2025).

4

points out, however, respondents' argument regarding detention pursuant to a final removal order is not relevant here. The petition does not address petitioner's future status under a not-yet-in-place final removal order and does not address the constitutionality of any future detention pursuant to section 1231. Rather, the petition only challenges the constitutionality of petitioner's detention during removal proceedings. ECF No. 1. As such, the court need not address what is constitutionally permitted when and if petitioner is subject to a final removal order.

## IV.   Recommendations

For the foregoing reasons, the court RECOMMENDS that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2. Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner without a pre-deprivation bond hearing before a neutral adjudicator, who possesses authority to order release, at which the Government must prove by clear and convincing evidence that petitioner is a flight risk or danger to the community such that his physical custody is required.

3. Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 4, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE